FREDERICK TURNER, RESPONDENT, *v.* SIDNEY
STEVENS, APPELLANT.

LIBEL.— DAMAGES.— EXCESSIVE.—Although the court may think that a smaller verdict would have been more just, yet where the jury have given $1,500 damages for a libel denouncing the respondent as a "prevaricator and liar," the verdict was not so excessive as to indicate that the jury found their verdict under the influence of passion or prejudice.

NEW TRIAL.— NEWLY DISCOVERED EVIDENCE.—When the newly discovered evidence adduced as a ground for a new trial would not be decisive of the case upon another trial, the judgment will not be reversed by the appellate court.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Kimball and Allison,* for the appellant.

*Mr. Orlando W. Powers,* for the respondent.

ZANE, C. J.:

This action was instituted by the plaintiff to recover damages in consequence of the publication by the respondent of a circular consisting in part of the following language: "Prevaricators and Liars. Mr. Stevens: There have been two men here from Woolley, Lund and Judd. One by the name of Smith has come several times. They say the Deering Company you represent is busted up. I told them I would ask you first, before I would believe it, as I had agreed to take a Deering binder. They offered to sell theirs a great deal less, and commenced to tell lots of lies about you, when I told them I had known you twenty years, and you would not deceive me like they were evidently trying to do, as I knew it was lies they were telling me. I think the other man's name was Turner." It appears from the evidence that in using the word "Turner" the defendant referred to the plaintiff; that the reference was so understood; and that the defendant distributed quite a large number of the circulars to various persons. The jury found the language complained of to be false, and the defendant guilty, and assessed plaintiff's damages at $1,500. The defendant entered a motion for a new trial, and from the judgment of the court overruling it and upon the verdict the defendant has appealed, and insists that the damages are excessive.

The evidence does not disclose any justifiable motive for the libel, and defendant's publication of it appears to have been deliberate and repeated, from the fact that it was distributed on different occasions. The damages awarded were to compensate the plaintiff for the injury to him from its publication. Sutherland, in his excellent work on Damages, says: "There ought to be no difference, and in

principle there is none, between words actionable in themselves, and other defamatory words followed by actual injury, beyond the change in the burden of proof. In the former case, the injury is presumed; in the latter case, it must be alleged and proved. The intrinsic nature of the wrong and injury is the same in both cases. What the jury may take into consideration in the one case, without proof, in the assessment of damages, ought, when proved in the other, to sustain the action, to be considered in the award of damages." 3 Suth. Dam. p. 668. And at page 644, Id., the same author says: "The damages are intended to repair the injury done, and all that the law can determine in a given case is what facts proved may be taken into account, and what are fair considerations to influence their judgments. They are to consider the plaintiff's injured feelings and tarnished reputation, taking into consideration the nature of the imputation, the extent of its publicity, the character, condition, and influence of the parties." The same author further says: "Although the verdict may be considerably more or less than, in the judgment of the court, it ought to have been, still it will decline to interfere, unless the amount is so great or so small as to indicate that the jury must have found their verdict under the influence of passion or prejudice ; or, in other words, that it is the result of a perverted judgment, and not that of their cool and impartial deliberation. When the verdict is thus excessive or deficient, the trial court, in its discretion, will interpose and set it aside." 2 Suth. Dam. p. 810. While we would have been better satisfied if the jury had found a less amount against the defendant, it is not so excessive as to authorize the inference that the jurors were actuated by passion or prejudice or other improper motive.

The defendant also insists that a new trial should have been ordered on the ground of newly-discovered evidence. We are disposed to believe that the newly-discovered evi-

dence would not be decisive upon another trial, and there-fore we do not feel authorized to order a new trial on account of it. We do not find any error in this record sufficient to require a reversal of the judgment appealed from.

The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.