## FRANK L. THIRKFIELD, RESPONDENT, *v.* MOUNTAIN VIEW CEMETERY ASSOCIATION, APPELLANT.

1. CHARGE TO JURY.—EXCEPTION.—WHEN TO BE TAKEN.—Where a court states objectionable matter in its charge to the jury, in order to avail the appellant on appeal an exception must be taken at the time of its rendition to the specific matter which is the subject of complaint, so that the judge's attention may be called to it and an opportunity afforded him to make a correction.

2. CEMETERY ASSOCIATIONS. — ILLEGAL DISINTERMENT.— PUNITIVE DAMAGES.—In an action against a cemetery association for disinterring the body of plaintiff's child from one of its lots, it appeared that the defendant sold the lot to plaintiff for full value, executing to him a deed; that defendant had previously sold the same lot to another person, but had executed no deed to him; that the first purchaser, discovering the interment shortly after it had been made, requested, and defendant promised, to have the body removed; that more than a year afterwards the defendant disinterred the child, reinterring it in an adjoining lot; that the defendant never notified plaintiff that the removal would have to be made. *Held,* that punitive damages were properly allowed on the ground that the defendant, thus recklessly disregarding plaintiff's right, committed a wilful trespass.

3. ID.— ID.— VERDICT NOT EXCESSIVE.— In an action against a cemetery association for damages for wilfully removing the body of plaintiff's child from a lot which it had sold to him without notice to plaintiff, a verdict for plaintiff for $1,150 will not be set aside as excessive.

(No. 583.  Decided Aug. 31, 1895.  41 P. R. 564.)

APPEAL from the District Court of the Fourth Judicial District.  Hon. H. W. Smith, *Judge.*

Action by Frank L. Thirkfield against the Mountain View Cemetery Association for damages for wilful tres-

pass. From a judgment for plaintiff, defendant appeals. *Affirmed.*

[ The record shows that the following stipulation was entered into between the counsel at the close of the court's charge to the jury. "It is stipulated between counsel that such specific exceptions to the instructions as may be desired, may be taken at the time of preparing a statement on motion for a new trial, and that the same may have the same force as if taken at the time." But under this stipulation, no expection was extended upon the record as if taken at the time the charge was given to that "paragraph of the court's charge relied upon for reversal on the question of damages for injured feelings and affections, as the result of gross negligence," but the paragraph objected to was set out in the assignments of error. —REP.]

*Messrs. Rhodes & Tait* and *Messrs. Kimball & Kimball,* for appellant.

"Irrelevant instructions to the jury, though correct as abstract propositions of law, if containing matters which might mislead the jury, are erroneous." *U. P. R. R. Co.* v. *Fray,* 3 Pac. 550. "An instruction though correct as a proposition of law, if misleading to the issues, inapplicable to the evidence and calculated to prejudice the substantial rights of the losing party cannot be held to be harmless error." *Perot* v. *Cooper,* 28 Pac. 391. An instruction should not be given which cannot be founded on the evidence. See note in case of *Sharp* v. *State,* 14 Am. St. Rep. 44; *Lombard* v. *Mayberry,* 24 Neb. 674; *W. U. Tel. Co.* v. *Cooper,* 71 Tex. 507; *Cotulla* v. *Kerr,* 74 Tex. 79. See note to this case Am. St. Rep. p. 827; *Evansville R. R. Co.* v. *Guyton,* 115 Ind. 450; *Druggins* v. *Watson,* 60 Am. Dec. 560; *Heern* v. *McCaughan,* 66 Am. Dec. 588;

*Gaither* v. *Myrick*, 66 Am. Dec. 316. Liability for punitive damages arises from the wrongful motive of the defendant, and when this wrongful motive is not inherent in the offense which fixes the liability, plaintiff must present some proof from which such motive may be legally inferred. *Haynes* v. *Schultz*, 50 N. J. L. 481. Exemplary or punitive damages can be allowed only as a punishment when the injury inflicted was the result of the fraud, malice, gross negligence or oppression of the defendant. *International R. R. Co.* v. *Garcia*, 70 Tex. 207; *Irwin* v. *Yeager*, 74 Ia. 175. The true rule in regard to exemplary or punitive damages is that they may be allowed when the injuries and suffering were intended or occur through carelessness or negligence amounting to a wrong so reckless and wanton as to be without palliation or excuse. *Ross* v. *Legett*, 61 Mich. 445.

Mr. *H. H. Henderson*, and Messrs. *Richards & MacMillan*, for respondent.

BARTCH, J.:

This is an action in the nature of trespass *quare clausum fregit*, and was brought against the defendant to recover damages for entering upon the plaintiff's lot in the cemetery of the defendant company, and disinterring the body of a dead child, and interring the body of a stranger therein. Upon the trial of the cause a verdict in the sum of $1,150 was rendered in favor of the plaintiff, and judgment entered for that sum and costs. This appeal is from an order overruling a motion for a new trial and from the judgment.

The first point relied upon for reversal is a certain paragraph of the charge of the court on the question of damages for injured feelings and affections as a result of gross negligence. It appears, however, that there was no

exception referring to the objectionable matter taken at the time of its rendition, and therefore this court will not review such paragraph on appeal.     Where a court states objectionable matter in its charge to the jury, in order to avail the appellant on appeal, an exception must be taken, at the time of its rendition, to the specific matter which is the subject of complaint, so that the judge's attention may be called to it, and an opportunity afforded him to make a correction.     This rule is so well settled that it requires no citation of authority.

The next question is raised on a portion of the charge which reads as follows:     "Damages in this class of cases are usually given by way of compensation to the injured party for the wrong sustained by reason of the injury to his property, but when the acts complained of are committed maliciously and wantonly, and under circumstances indicating such an entire want of care as to raise the presumption of conscious indifference to consequences, or gross negligence on the part of the wrongdoer, the jury are authorized to impose damages by way of example and punishment, in addition to those awarded as compensation to the injured party.     If you find that the body of plaintiff's son was removed by defendant as the result of a mistake merely, not due to gross carelessness or indifference, the plaintiff can only recover nominal damages."     It is not claimed that, as an abstract proposition of law, this instruction is erroneous, but that there is no evidence in this case on which to base it,—no evidence to warrant any conclusion, on the part of the jury, that the trespass was committed because of malice, wantonness, or gross negligence, or an entire want of care and conscious indifference, —and that, therefore, such an instruction has no application, because, under such circumstances, vindictive damages are not warranted.     If this contention be correct, then this instruction was improper, even though, as an abstract

proposition, it stated the law correctly; and if, under the circumstances of the case, the jury were likely to be misled thereby, then it is cause for reversal.

An examination of the evidence shows that on June 5, 1889, one J. N. Kimball became the purchaser of two lots in defendant's cemetery, one of which was afterwards numbered 188, but no deed or instrument in writing was made or delivered to him; that in 1891 the plaintiff resided at Truckee, Cal., having formerly lived at Ogden, Utah; that on June 20, 1891, plaintiff's son, aged two years, died, and the remains were conveyed to Ogden and buried in defendant's cemetery in said lot No. 188, which plaintiff purchased from defendant for $16, being the full purchase price, and received a written instrument therefor; that shortly thereafter said Kimball discovered that plaintiff's child was interred on said lot, and thereupon made complaint to the secretary of the defendant, who promised to remove the body of said child; that in November, 1892, the mother of said Kimball died; that then the said child was removed, and interred in an adjoining lot, and the mother of said Kimball interred in said lot No. 188; that the sexton of said defendant company and another man made the removal; that the parents of the dead child had no notice of such removal, nor were they aware that such removal was contemplated, nor did they ever give their consent to it; and that on one occasion, while such removal was in contemplation of defendant, the plaintiff and wife were in Ogden, and visited their child's grave, but no mention was made to them, by the sexton or any one, of such contemplated removal.

Such is the evidence so far as it is deemed material in the determination of this question. It also appears that when plaintiff purchased the said lot he had no notice whatever, either actual or constructive, of any title in said Kimball. It will be observed from the evidence that no

opportunity was afforded the plaintiff, or any of his friends, to witness the removal and reinterment, so that he might know of his own positive knowledge the final resting place of his child. The removal had been in contemplation for a year, and yet during all that time no attempt was made to confer with him. He was treated by the defendant as though by the interring of his child he had lost, not only all rights to its body, but also to the lot which he had purchased. This was an assumption not warranted by the law. While it is true that after burial the dead body of the child was not the subject of property, but became a part of the ground to which it was committed,—" Earth to earth, ashes to ashes, dust to dust,"—still the defendant had no right to break the plaintiff's close with impunity, and, as appears, regardless of the mental sufferings which such an act would produce on the part of the plaintiff, to whom the dead was sacred, remove the remains, without his knowledge or consent. One who thus negligently disturbs the remains of the dead after burial does so at his peril; and the degree of his liability will be in accordance with the degree of negligence, or wilfulness, or wantonness. While in this class of cases the breaking and entering of the plaintiff's close is the gist of the action, still the circumstances accompanying the trespass, and which give character to it, may be shown and considered in mitigation or aggravation of the act.

From an examination of the evidence in this case, the conclusion is irresistible that the trespass was wilful, being characterized by a wanton and reckless disregard of the rights of the plaintiff. The defendant is therefore liable for full compensation in damages, and, in estimating the damages, the jury had a right to take into consideration, not only the injury to the property, which was comparatively trifling, but also the injured feelings of the

plaintiff.    We have been cited to no law which relieves
the defendant from the consequences of his wilful act, or
requires the mental sufferings of the plaintiff to be disre-
garded.    In such a case aggravated damages are allowable
because of the wantonness of the injury, which might have
been averted by ordinary regard for human feelings or
mental suffering.    We conclude, therefore, that the instruc-
tion complained of was proper, under the circumstances of
this case.    We are aware that by some writers, and in some
of the cases, the doctrine of exemplary damages has been
questioned, and that in others the term is held to signify
no more than a liberal extension of compensation for the
wrong done, or the mental suffering induced thereby; but
by the great weight of authority, in cases of tort or tres-
pass, where the injury has been wanton and malicious, or
the result of gross negligence, or of a reckless disregard of
the rights of others, equivalent to an intentional violation
of them, the rule is that exemplary or vindictive damages
may be awarded in aggravation of the actual damages
occasioned by the injury.    And this is so at common law
as well as by statute.    In *Day* v. *Woodworth*, 13 How. 363,
Mr. Justice Grier said:    "It is a well-established principle
of the common law that in actions of trespass, and all
actions on the case for torts, a jury may inflict what are
called 'exemplary,' 'punitive,' or 'vindictive' damages
upon a defendant, having in view the enormity of his
offense rather than the measure of compensation to the
plaintiff.    We are aware that the propriety of this doctrine
has been questioned by some writers; but, if repeated
judicial decisions for more than a century are to be re-
ceived as the best exposition of what the law is, the ques-
tion will not admit of argument."    Suth. Dam. §§ 391,
392, 395; 2 Greenl. Ev. §§ 266, 267; *Railway Co.* v. *Harris*,
122 U. S. 597, 7 Sup. Ct. 1286; *Meagher* v. *Driscoll*, 99

Mass. 281; *Railway Co.* v. *Beckwith,* 129 U. S. 26, 9 Sup.
Ct. 207; *Brewer* v. *Dew,* 11 Mees. & W. 625; *Nagle* v.
*Mullison,* 34 Pa. Stat. 48.

It is further complained on the part of the appellant
that the verdict is excessive, and is not the result of full
and fair consideration of the evidence, but is aided by
passion and prejudice on the part of the jury. Upon ex-
amination of the evidence it must be admitted that there
is a question as to whether the damages are not for a
larger sum than is justified by the facts. This court, how-
ever, will not disturb the verdict, in a case of this class,
unless the sum awarded is so grossly excessive as to shock
the conscience, and raise a presumption of passion and
prejudice on the part of the jury, because there is no
accurate standard by which the injury can be measured,
and, therefore, the jury must necessarily be permitted to
exercise a wide discretion. The judgment of the jury, and
not the opinion of the court, must govern, unless the facts
disclosed by the evidence show that the jury were misled
by some mistaken view of the merits of the case, or were
under the influence of partiality, passion, or prejudice.
*Worster* v. *Canal Bridge,* 16 Pick. 541; *Turner* v. *Stevens.*
8 Utah, 75, 30 Pac. 24; *Wilson* v. *Fitch,* 41 Cal. 363, 386.

We are unable to conclude that the damages are so
exorbitant as to warrant a reversal of the case. Nor do
we find any reversible error in the record. The judgment
is affirmed.

MERRITT, C. J., and KING, J., concur.