Brown *v.* Barlow.

Cemeteries—Removal of Dead Bodies—Action for Damages—
Evidence.

　　Plaintiff buried his wife on a cemetery lot owned by another
　　under the latter's verbal permission. The grave remained
　　unmarked. The owner of the lot afterwards died, and was
　　buried there. Subsequently the cemetery authorities, desir-
　　ing the lot for certain improvements, arranged with a son of
　　the deceased owner therefor, and under his direction removed
　　the bodies buried thereon. *Held*, in an action for damages,
　　that, there being no evidence of knowledge on the part of the
　　authorities of the burial of plaintiff's wife on the lot, verdict
　　was properly directed for defendants.

Error to superior court of Grand Rapids; Newnham, J.
Submitted June 6, 1901. Decided July 19, 1901.

Case by Russell E. Brown against Heman G. Barlow,
Frank E. Pulte, and Frank W. Ball, cemetery commis-
sioners of the city of Grand Rapids, for the alleged wrong-
ful removal of the remains of plaintiff's wife. From a
judgment for defendants on verdict directed by the court,
plaintiff brings error. Affirmed.

*Wolcott & Perkins*, for appellant.

*Lant K. Salsbury*, for appellees.

Moore, J. The defendants are the commissioners of
the Valley City and Oak Hill cemetery in Grand Rapids.
Jared L. Post during his lifetime was the owner of a lot
in the cemetery. When he died, about four years ago, he
was buried there. The plaintiff is a brother-in-law of Mr.
Post. His wife died in 1892. By the verbal permission
of Mr. Post, she was buried upon his lot. Her grave was
never marked with a headstone. In 1899 the cemetery
authorities needed the lot owned by Mr. Post, because they

wanted to enlarge a building that was upon the grounds, and directed their superintendent to get the lot if he could. The superintendent saw Mr. Creyton J. Post, the son of Jared L. Post, deceased, and arranged with him for the lot, and under his direction removed the bodies that were buried thereon. The graves of Mr. Post, his wife and children, were all marked with headstones. In August Mr. Brown learned what had been done, and sued defendants for damages. The court below, among other things, charged the jury as follows:

"As far as the evidence shows in this case, while the body was interred upon the lot of Mr. Post, at the same time there was nothing which distinguished it as belonging to any one, or that any one outside of the owner of the lot had any interest in it. It is not in evidence here, and the evidence does not show, that the commissioners had any knowledge that the body of Mrs. Brown was interred upon that lot. When they wished to make improvements, they went to the owner of the lot, and got his permission to move the bodies. There is nothing in this case which shows that they were informed, or the sexton was informed, or any employé of the city was informed, that any other body except those belonging to the Post family was interred in that lot. I think that some duty is incumbent upon the plaintiff in this case, as well as upon the defendants. I think there should be something done on his part, whereby the city authorities could take notice as to who was buried there; that he had rights in the lot that they could take notice of. There was nothing, as far as the lot itself was concerned, that would give them information that he, or anybody else, outside of the Post family, had any interest in that lot, or any of the remains that were interred therein. The plaintiff in this case did not even mark it with a headstone, so that there was nothing to show that he had any interest there, that his wife or any member of his family was buried there."

—And directed a verdict in favor of defendants. The case is brought here by writ of error.

The plaintiff claims that, where a body is removed from its burial place without notice to the relatives, the latter have a cause of action against the person causing the

removal; citing a number of cases.[1]   We are of the
opinion that the record does not disclose such a state of
facts as to call for the discussion of any legal question.
So far as it discloses anything, it shows the title of the lot
was in Mr. Post; that all the graves that were marked were
the graves of members of his family.   It does not show
that either the commissioners or the superintendent had
any knowledge, prior to the removal of the body, of the
burial upon this lot of any persons except Mr. Post and
the members of his family.   It was not the purpose of the
trustees to arbitrarily take possession of this lot, but only
to do so by the consent of those having an interest therein.
The consent of the person who had the apparent right to
give consent was obtained, and the removals were made
under his direction.   The court below was justified in
directing a verdict.

Judgment is affirmed.

The other Justices concurred.

[1] Viz.: *Improvement Co.* v. *Jenkins*, 111 Ala. 135 (18 So. 565, 56
Am. St. Rep. 26); *Partridge* v. *Church*, 39 Md. 631; *Meagher* v.
*Driscoll*, 99 Mass. 281 (96 Am. Dec. 759); *Thirkfield* v. *Cemetery
Ass'n*, 12 Utah, 76 (41 Pac. 564); *Jacobus* v. *Congregation of Chil-
dren of Israel*, 107 Ga. 518 (33 S. E. 853, 73 Am. St. Rep. 141).