DENNIS v KEILLOR

Docket No. 50144. Submitted February 5, 1981, at Lansing.—Decided March 25, 1981.

Ellis M. Dennis brought an action for damages against Rhoba Keillor and the Township of Perry, Shiawassee County, alleging that the defendants had desecrated a tombstone placed upon the graves of his mother and stepfather. The Shiawassee Circuit Court, Peter J. Marutiak, J., granted summary judgment in favor of defendant Keillor based on plaintiff's failure to state a claim upon which relief can be granted and for lack of a genuine issue of material fact. Plaintiff appeals. *Held:*

1. An action for damages for defacing a tombstone may be brought by the person erecting the stone or by the heirs at law of the person to whose memory the stone was erected. The plaintiff therefore has standing to bring this action and the granting of summary judgment on that basis was error.

2. The plaintiff has asserted facts from which an inference may arise that defendant Keillor committed the acts for which the plaintiff seeks damages.

Reversed and remanded.

1. TORTS — TOMBSTONES — DESECRATION OF TOMBSTONES.

A person who erects a tombstone may maintain an action for injury to the tombstone; after that person's death such an action may be maintained by the heirs at law of the person to whose memory the tombstone was erected.

2. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

Summary judgment for lack of a genuine issue of material fact is improper where the plaintiff has asserted facts from which an inference may arise that the defendant has committed the acts for which the plaintiff seeks damages (GCR 1963, 117.2[3]).

*Green, Haldy, Gibbs & McCabe,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur 2d, Cemeteries § 39 *et seq.*
52 Am Jur 2d, Malicious Mischief § 11.
[2] 73 Am Jur 2d, Summary Judgment § 26.

*Fitzgerald, Dumon, Geddis & Ashley,* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. Plaintiff seeks damages from defendants for allegedly desecrating a joint tombstone that had been placed upon the graves of his mother, Ruby Loree, and his stepfather, Charlie Loree. The trial court granted a motion for summary judgment brought by defendant Keillor. Plaintiff appeals as of right.

The motion for summary judgment was brought under GCR 1963, 117.2(1) and (3). Under GCR 1963, 117.2(1), defendant Keillor asserts that plaintiff lacks standing to sue and that since there is no recognizable tort of "desecrating a grave" plaintiff's complaint does not state a cause of action.

While Michigan cases are scarce to nonexistent on the point, the general rule is that a person erecting a tombstone may maintain an action for its injury.[1] *Brown v Barlow*[2] is a case where a widower sought damages for the alleged wrongful removal from her grave of his wife's remains. While the case is instructive in general, it is of little help in decision here. In Anno: *Action at law for desecration of grave,* 172 ALR 554, 555, the text writers state the rule a little more broadly:

"An action for damages for defacement or removal of a tombstone or monument, which has been erected at a grave, may be maintained during his lifetime by the person who rightfully erected it, and if the injury is inflicted after his death, the heirs at law of the person

[1] See, 14 CJS, Cemeteries, § 36, p 96. Also, 4 Michigan Law & Practice, Cemeteries, § 5, p 676.

[2] 128 Mich 117; 87 NW 56 (1901).

to whose memory the gravestone or monument was erected may maintain the action."

In *Hamilton v Individual Mausoleum Co*,[3] a daughter brought suit to recover damages after defendant had broken into a mausoleum and removed a casket containing the body of plaintiff's mother. The Supreme Court of Kansas held that plaintiff had a legitimate tort claim:

"The basis of the action is the injury to the plaintiff's rights and sensibilities by the unauthorized disturbance of her mother's casket. * * * '[T]he real basis of injury is the violation of the feelings of the living by the indignity to the dead, rather than the invasion of the right of property.' " (Citations omitted.)

Plaintiff, Ellis M. Dennis, is the son of Ruby Loree and the stepson of Charlie Loree. As such, we hold he has standing to bring this suit in tort for damages. If he has established his case by competent evidence, he has stated a claim in tort that would entitle him to recover. We reverse the grant of summary judgment under GCR 1963, 117.2(1).

The second prong of defendant Keillor's motion is brought under GCR 1963, 117.2(3), claiming that defendant Rhoba Keillor has testified under oath denying she had anything to do with moving, grinding down, changing or otherwise marring the tombstone. She says plaintiff's answering affidavit is insufficient to raise a genuine issue of material fact. We disagree. The affidavit of plaintiff asserts facts from which an inference may arise that defendant Keillor committed the desecration with which she is charged.

On trial, it may be that what plaintiff claims in

---

[3] 149 Kan 216, 220-221; 86 P2d 501, 504 (1939).

his affidavit may not be admissible in evidence and may not establish his case. We do not, however, believe summary judgment is intended to preclude plaintiff his opportunity to prove it. We reverse the grant of summary judgment under GCR 1963, 117.2(3).

Reversed and remanded for trial on the merits. Costs to abide the outcome.